```
                                          FILED ____ LODGED
                                      ____ RECEIVED ____ COPY

                                           JAN 03 2013

                                      CLERK U S DISTRICT COURT
                                       DISTRICT OF ARIZONA
                                    BY_____ M. DEPUTY
```

Darren Marley, *Plaintiff*
1411 N. Sun View Prwy.
Gilbert, Arizona 85234
(480) 940-5432

# IN THE UNITED STATES DISTRICT COURT
## STATE OF ARIZONA

| | |
|---|---|
| DARREN MARLEY, a single man<br><br>*Plaintiff*(s)<br><br>vs.<br><br>PYOD LLC, a South Carolina corporation;<br>GUGLIELMO & ASSOCIATES PLLC,<br>a Arizona corporation;<br><br>*Defendant*(s) | CASE NO: CV-13-00010-PHX-LOA<br><br>COMPLAINT FOR DAMAGES:<br><br>VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT; FAIR CREDIT REPORTING ACT; ABUSE OF PROCESS; MALICIOUS PROSECUTION<br><br>TRIAL BY JURY DEMANDED |

**COMES NOW**, the Plaintiff Darren Marley (hereinafter "Plaintiff") complaining of the defendants and each of them as follows:

## INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, Fair Debt Collection Practices Act, 15 U.S.C.§1692 Arizona Consumer Fraud Act§44-1521, Malicious Prosecution, and Abuse of Process.

I. ## THE PARTIES

2. Plaintiff "DARREN MARLEY" is now and at all times relevant to this action, a resident of the State of Arizona. Plaintiff is a consumer as it is defined in 15 U.S.C.§ 1692a(3).

3. Defendant "**PYOD LLC**", ("PYOD") is a debt collector as defined by 15 U.S.C. 1692a (6), and A.R.S.§44-1521 respectively. The defendant make claim to is household debt as defined by 15 U.S.C.§1692a (5). Defendant "PYOD" upon information and belief

is "not" licensed in the State of Arizona pursuant to A.R.S.32-1055(a). Defendant "PYOD" is a subsidiary of Sherman Financial, LVNV Funding, and Resurgent Capital Services L.P. Defendant "PYOD" can be served at its corporate office at 200 Meeting Street, Suite 206, Charleston SC 29401.

4. Defendant "GUGLIELMO & ASSOCIATES, PLLC (hereinafter "GAP") is an Arizona professional corporation. Defendant "GAP" has its corporate office at 3040 N. Campbell Avenue, Suite 100, Tucson AZ 85219. Defendant "GAP" is a debt collector as defined by 15 U.S.C.§1692a (6) and A.R.S. §44-1521. The alleged debt defendants make claim to is a household debt as defined by 15 U.S.C.§1692a (5).

5. Defendants and each of them are not "creditors" as defined by 15 U.S.C.§1692a (4). The alleged debt at issue in this case upon belief was obtained by each defendant upon assignment and or transfer of the "defaulted debt"15 U.S.C. §1692a (4).

II.                     **JURISDICTION and VENUE**

6. The US District Court has jurisdiction pursuant to 15 U.S.C. §1692, 15 U.S.C.§1681, and 28 U.S.C. §1331. Venue is proper as the occurrences which give rise to this action took place in Phoenix Arizona. Therefore venue is proper in the US District Court of Arizona.

III.                    **FACTUAL ALLEGATIONS**

7. On or about June 2012, Plaintiff received several dunning notices from defendant "GAP" on an alleged debt. Defendant "GAP" alleged a debt due and owing to CitiBank N.A. Defendant made several demands for a payment of $5783.09 from the Plaintiff.

8. On or about September 18, 2012 Plaintiff received a Summons and Complaint from the Highland Justice Court, County of Maricopa, and State of Arizona. Defendant "GAP" brought the civil action on behalf of defendant "PYOD". A true and correct copy of the said summons and complaint is attached hereto as "Exhibit A".

9. The Plaintiff is not familiar with any of the defendants, and Plaintiff has no legal contract, or debt with either defendant. Plaintiff attended several court hearings with the defendant "GAP" who claims to represent defendant "PYOD". Plaintiff filed served the defendant "GAP" with a request for validation pursuant to 15 U.S.C.§1692 on December 5, 2012. Defendant has not timely responded to Plaintiffs request. Plaintiff sent another request by certified mail to defendant "GAP" on January 2, 2012.

10. Defendant "GAP" and "PYOD" claims to have been *assigned* the alleged debt from the parent company of defendant "PYOD" which is Sherman Financial. Defendants claim their alleged ownership of their claim through a variety of affidavits, and transfer documents attached hereto as "Exhibit B". Plaintiff again requested proof of the alleged debt throughout litigation, and by letter served upon the defendants. Defendants has failed to validate the debt as required, and in violation 15 U.S.C. §1692g (b).

11. Plaintiff obtained his consumer credit reports of Equifax, Transunion, and Experian. Plaintiff determined after examination of his consumer reports that defendant "GAP" had obtained Plaintiffs credit report on May 11, 2012.

12. Plaintiff discovery of violations brought forth herein occurred on December 19, 2012, and are within the Statute of limitations as defined in FCRA, 15 U.S.C. §1681p.

IV. **FIRST CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C.§1681 DEFENDANT "GAP"**
(All Defendants)

13. Paragraphs 1-23 are re-alleged as though fully set out herein.

14. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C.§1681a(c).

15. Experian is a credit reporting agency within the meaning of the FRCRA, 15 U.S.C.§1681a(f). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

16. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C.§1681b are generally; if the consumer makes application for credit, makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

17. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer from the defendants "GAP" and "PYOD".

18. Plaintiff, at no time gave his consent for Defendant "GAP" to acquire his consumer credit report, from any of the credit reporting agencies.

19. On June 22, 2012, Defendant "GAP" in obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiffs consent, was a willful violation of FCRA, 15 U.S.C. §1681b, and an egregious violation of Plaintiffs right to privacy.

20. WHEREFORE, Plaintiff demands judgment for damages against Defendant, Guglielmo & Associates PLLC, for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C.§1681n.

V.　　　　　　　　SECOND CAUSE OF ACTION
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
15 U.S.C. §1692g(b)
(All Defendants)

21. Paragraphs 1-20 are re-alleged as though fully set out herein.

22. Plaintiff is a consumer within the meaning of the 15 U.S.C. §1692a(3).

23. Defendant Guglielmo & Associates PLLC, and "PYOD LLC" is a debt collector within the meaning of the FDCPA, 15 U.S.C.§1692a (6).

24. Plaintiff on or about December 5, 2012 made a demand for validation pursuant the FDCPA. Courts have held that litigation is an attempt to collect a debt. Defendants "PYOD" and "GAP" maintains' the court action, even though they have no complied with Plaintiff request for validation.

25. Conversely, defendants continuing attempt to collect prior to validation was a blatant violation of 15 U.S.C. §1692g(b).

**WHEREFORE**, Plaintiff demands judgment for damages against each Defendant Guglielmo & Associates PLLC, and "PYOD LLC, for actual damages, statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C.§1692k(2)(a).

### THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION
(All Defendants)

26. Paragraphs 1-25 are re-alleged as though fully set out herein.

27. Plaintiff claims Defendants and each of them are liable for Malicious Prosecution in that the defendants initiated or took part in the prosecution of legal proceedings against the Plaintiff, without proper verification of their alleged debt. The action proceeded in the Maricopa County Highland Justice Court and will likely terminate in the defendants favor.

28. Defendants acted without probable cause, acted with malice, defendants malicious conduct was a cause of injury, damage, loss or harm to the Plaintiff.

**WHEREFORE**, Plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, and costs.

### FOURTH CAUSE OF ACTION
### ABUSE OF PROCESS
(All Defendants)

29. Paragraphs 1-28 are re-alleged as though fully set out herein.

30. Plaintiff claims defendants are liable for abuse of process. Plaintiff alleges the elements of an abuse of process claim under Arizona law are: "'(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings.'"

31. Plaintiff claims Defendants willfully used or threatened to use legal process or procedure primarily to accomplish an ulterior purpose for which the process or procedure was not designed. The defendants filed legal action against the Plaintiff in

the Maricopa County Highland Justice Court for collection of an alleged debt. The action filed contained materially false information intended to intimidate, harass, defame, and retaliate, to cause and inflict emotional distress upon the Plaintiff. *Morn v. City of Phoenix*, 152 Ariz. 164, 730 P.2d 873 (1986); *Younger v. Solomon*, 38 Cal. App. 289, 113 Cal. Rptr. 113 (1974). *Rondelli v. County of Pima*, 120 Ariz. 483, 586 P.2d 1295 (Ct. App. 1978). *Nienstadt v. Wetzel*, 133 Ariz. 348, 651 P.2d 876 (Ct. App. 1982).

32. Plaintiff claims Defendant's misuse of the legal process or procedure was a cause of injury, damage, loss and harm to the Plaintiff. Plaintiff's constitution right to privacy was breached by Defendants action. Defendant's legal actions had no merit, and were based on false information defendants knew were not true and correct.

**WHEREFORE**, Plaintiff is entitled to damages in an amount to be determined at trial, plus attorney's fees, and costs.

Dated: January 2, 2012

_____
Darren Marley, *Plaintiff*
1411 N. Sun View Parkway
Gilbert, Arizona 85234

# EXHIBIT A

Guglielmo & Associates, PLLC
3040 N Campbell Avenue Suite 100
Tucson, Arizona 85719
(520) 325-3700 Fax (520) 325-2480

Highland Justice Court
55 E Civic Center Drive Suite #55, Gilbert AZ 85296
County of Maricopa, State of Arizona

**ARIZONA JUSTICE COURT, County of Maricopa**

Pyod Llc                                    Plaintiff
vs.
Darren Marley                                                Case No:    C 2012189859 RC
John/Jane Doe Marley(If Married)
                                                                    **SUMMONS**
                             Defendant(s)

THE STATE OF ARIZONA TO THE DEFENDANT(S):  Darren Marley
                                            John/Jane Doe Marley(If Married)
                                            1411 N Sun View Pkwy
                                            Gilbert AZ 85234-2337

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. RCP 4.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must either appear in person or file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorneys. RCP 10(d); ARS §12-311; RCP 5.

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least 3 judicial days in advance of a scheduled court proceeding.
THE NAME AND ADDRESS of Plaintiff's attorney is:

Guglielmo & Associates, PLLC
P.O. BOX 41688
TUCSON, AZ 85717-1688

SIGNED AND SEALED this date:  SEP 25 2012

Justice of the Peace

SCC

Barcode

PLAINTIFF COMPLAINT FOR DAMAGES
- 8 -

Guglielmo & Associates, PLLC
3040 N Campbell Avenue Suite 100
Tucson, Arizona 85719
(520) 325-5700 Fax (520) 325-2480
By: Guglielmo & Associates, PLLC
Attorneys for Plaintiff

**Highland Justice Court**
55 E Civic Center Drive Suite #55, Gilbert AZ 85296
County of Maricopa, State of Arizona

| | | |
|---|---|---|
| Pyod Llc        Plaintiff | ) | Case No.: CV2012189059RC |
| vs. | ) | |
| Darren Marley | ) | **COMPLAINT** |
| John/Jane Doe Marley(If Married) | ) | (Breach of Contract; Account stated; Open-ended account) |
|                   Defendant(s) | ) | |

Plaintiff, Pyod Llc, as assignee of the debt described below, alleges as follows:

1. This Court has jurisdiction in this matter;

2. This obligation arises out of an account(s) through the merchant MASTERCARD, which was assigned to Pyod Llc.

3. Demand has been made for payment of $5783.09, and Defendant(s) has/have not paid;

4. The Plaintiff took an assignment of the Account(s);

5. All payments have been credited as received;

6. The acts alleged herein were for the benefit of the marital community of the Defendant(s);

7. Plaintiff alleges the debt on the account(s) to be both community and separate in nature

WHEREFORE, Plaintiff prays for Judgment against Defendant(s), both separately and as a community, if applicable, and each of them, for the amount stated above, plus interest at the default rate at the time of charge-off or statutory interest rate, costs, and attorney's fees if contested.

RESPECTFULLY SUBMITTED September 18, 2012
Guglielmo & Associates, PLLC

By: _____
Christopher N. Kalabus STATE BAR #019839/PCC#65436
Paul D. Guglielmo STATE BAR #005985/PCC# 22508
David J. Mittleman STATE BAR #028527/PCC# 66375

# EXHIBIT B

# AFFIDAVIT

**STATE OF MISSOURI**
**COUNTY OF PLATTE**

**Account Holder:** Darren Marley    **Account #:** XXXX-XXXX-XXXX-0210
**SSN/EIN/TIN #:** xxx-xx-9287

The undersigned, _____Tina Weedin_____ being duly sworn, states and deposes as follows:

1. I am an employee of Citibank, N.A. ("Citibank") located at 7920 NW 110th Street, Kansas City, MO 64153, and am authorized to make the statements and representations herein. My job responsibilities include maintaining and recording information in Citibank's records as they relate to credit cards owned by Citibank. This includes accounts previously owned by Citibank (South Dakota), N.A., which merged into Citibank in or about July 2011. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on either personal knowledge or review of the business records of Citibank.

2. My duties include having knowledge of, and access to, business records relating to the Citibank account referenced above. These records are kept by Citibank in the regular course of business and it was in the regular course of business of Citibank for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

3. That Citibank, in the regular course of business, provides various credit card processing services, including causing to be sent to customers periodic billing statements reflecting true and accurate activities on the customers' respective account(s) (other than months in which no statement may have been required by law).

4. That the records of Citibank indicate that account ending XXXX-XXXX-XXXX-0210 was opened on, or acquired by Citibank on, 2/28/2003 (Account). The account holder's name at time of electronic transmission was Darren Marley, with a Social Security Number, Employer Identification Number, and/or Taxpayer Identification Number ending: xxx-xx-9287.

5. That the records of Citibank indicate that as of the date the Account was sold, there was due and payable on the Account $5,783.09. To the best of my knowledge, information and belief there were no uncredited payments owed to the Account.

6. That the records of Citibank indicate that the last payment received on the Account by Citibank posted to the account on 8/9/2010.

7. That the records of Citibank indicate that the Account was sold to Sherman Acquisition LLC on or about 12/28/2010 and Citibank retained no ownership interest in the account after it was sold.

**FURTHER AFFIANT SAYETH NOT.**

Dated this 19 day of Nov, 2012

by _____
Citibank, N.A.

Subscribed and sworn to before me this 19 day of Nov, 2012 by _____Tina Weedin_____
an employee of Citibank, N.A.

_____
Notary Public

SHARI PRESTON
Notary Public - Notary Seal
State of Missouri
Commissioned for Clay County
My Commission Expires: Sep 18, 2015
Commission Number: 11233676

(Notary Stamp/Seal)    My Commission Expires: _____

PLAINTIFF COMPLAINT FOR DAMAGES
-11-

## AFFIDAVIT OF TRANSFER

State of South Carolina

County of Greenville

I, Matthew Sowell, being first duly sworn on oath, depose and state as follows:

1. I am an Authorized Representative of Sherman Acquisition L.L.C. and I am duly authorized to make this Affidavit.

2. That account number 5424189274970210, Darren Marley ("Account"), was transferred from Sherman Acquisition L.L.C. to PYOD LLC.

3. Upon the acquisition of the Account from Sherman Acquisition L.L.C. all of Sherman Acquisition L.L.C.'s interest in the Account was vested in PYOD LLC.

Dated this Tuesday, November 27, 2012.



Signature

Subscribed and sworn to before
me this Tuesday, November 27, 2012



Notary

Portfolio # 15658

Julianne O'Brien
Notary Public
State of South Carolina
My Comm. Exp. 06-01-2021



Exhibit A

**Receivables File**
12.28.10

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 178367 | 15658 | N/A |

### Declaration of Account Transfer

Sherman Acquisition, L.L.C. ("SALLC"), without recourse, to the extent permitted by applicable law, transferred, sold, assigned, conveyed, granted and delivered to PYOD LLC ("PYOD") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated December 27, 2010 delivered by Citibank (South Dakota), N.A. on December 28, 2010 for purchase by SALLC on December 28, 2010. The transfer of the Assets included electronically stored business records.

SHERMAN ACQUISITION LLC
a Delaware limited liability company

By: 
Name: Scott Silver
Title: Authorized Representative

PYOD LLC
a Delaware Limited Liability Company

By: 
Name: Les Gutierrez
Title: Authorized Representative

15658

## BILL OF SALE AND ASSIGNMENT

THIS BILL OF SALE AND ASSIGNMENT, dated December 28, 2010, is by Citibank (South Dakota), N.A., a national banking association organized under the laws of the United States, located at 701 East 60th Street North, Sioux Falls, SD 57117 (the "Bank") to Sherman Acquisition LLC, organized under the laws of the Delaware, with its headquarters/principal place of business at c/o Sherman Capital Markets, LLC, 200 Meeting Street, Suite 206, Charleston, SC 29401 ("Buyer").

For value received and subject to the terms and conditions of the Purchase and Sale Agreement dated December 29, 2006, between Buyer and the Bank (the "Agreement"), the Bank does hereby transfer, sell, assign, convey, grant, bargain, set over and deliver to Buyer, and to PYOD LLC ("Subsequent Buyer"), and to Subsequent Buyer's, successors and assigns, the Accounts listed in Exhibit 1 and the final electronic file.

Citibank (South Dakota), N.A.

By: _____
(Signature)

Name:     Patricia Hall

Title:   Financial Account Manager

Sherman BK 7

1

PYOD LLC,
Plaintiff

vs.

Darren Marley
           Defendant(s)

## PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT

I am an Authorized Representative for PYOD LLC (hereafter the "Plaintiff") and hereby certify as follows:

1. I have personal knowledge regarding Plaintiff's creation and maintenance of its normal business records, including computer records of its accounts receivables. This information was regularly and contemporaneously maintained during the course of the Plaintiff's business. I am authorized to execute this affidavit on behalf of Plaintiff and the information below is true and correct to the best of my knowledge, information and belief based on the Plaintiff's business records.

2. The records provided to Plaintiff have been represented to include information provided by the original creditor and/or subsequent creditor. Such information includes the debtor's name, social security number, account balance, the identity of the original creditor and the account number.

3. Based on the business records maintained on account 5424180874970210 (hereafter "Account") which are a compilation of the information provided upon acquisition and information obtained since acquisition, the Account is the result of the extension(s) of credit to Darren Marley by Citibank on or after 2/28/2003 (the "Date of Origination"). Said business records further indicate that the Account was then owned by Citibank. Citibank later sold and/or assigned Portfolio 15658 to Plaintiff's assignor which included the Defendant's Account on 12/28/2010 (the "Date of Assignment"). Thereafter, all ownership rights were assigned to, transferred to and became vested in Plaintiff, including the right to collect the purchased balance owing of $5,783.09 plus any additional accrued interest.

4. To the best of my knowledge and belief, the Defendant is not a minor or mentally incompetent person.

5. Based on the business records maintained in regard to the Account, the above stated amount is justly and duly owed by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to the account have been allowed. Demand for payment was made more than thirty days ago.

I affirm under penalty of perjury that the above facts are true and correct.

                                        Jennifer Oliver
                                        September 27, 2012

The foregoing affidavit was signed to and subscribed before me this Thursday, September 27, 2012.

_____
(Notary Public)

                                                                         284818

Julianne O'Brien
Notary Public
State of South Carolina
My Comm. Exp. 08-01-2021

## CERTIFICATE OF SERVICE

I, E. Scott over the age of eighteen and not a party to the action, certify that copy of the Summons and Complaint was served upon the defendants and at their respective locations as follows;

Guglielmo & Associates PLLC
3040 N. Campbell Avenue, Suite 100
Tucson, Arizona 85219

PYOD LLC
200 Meeting Street, Suite 206
Charleston, SC 29406

By: _____
         E. Scott