**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darren Marley, | ) | No. CV 13-00010-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| PYOD, LLC; Guglielmo & Associates, PLLC, | ) | |
| Defendants. | ) | |

The court has before it defendants' motion to dismiss (doc. 8), plaintiff's motion to strike defendant Guglielmo & Associates, PLLC's ("Guglielmo") motion to dismiss (doc. 9) and defendants' response (doc. 10). Plaintiff did not file a reply in support of his motion to strike or a response to the motion to dismiss and the time for doing so has expired.

Defendants filed their motion to dismiss plaintiff's complaint for failure to state a claim. Rather than respond to the motion, plaintiff filed a motion to strike defendants' motion to dismiss, arguing that Guglielmo cannot represent itself in a *pro se* capacity. But Guglielmo is not representing itself *pro se*. It is represented by attorney Christopher Kalabus, a lawyer within the firm of Guglielmo & Associates. Plaintiff's motion to strike is DENIED (doc. 9).

Plaintiff did not respond to defendants' motion to dismiss and his failure to do so may

1  be deemed a consent to the granting of the motion and we may dispose of the motion
2  summarily.  LRCiv 7.2(i).

3      Plaintiff asserts four causes of action in his complaint.  In count 1, he alleges that
4  defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b, by
5  obtaining his consumer credit report.  But the FCRA specifically authorizes credit inquiries
6  for the purpose of "review or collection of an account."  Id. § 1681b(a)(3)(A).  Plaintiff
7  acknowledges that defendants are attempting to collect on an account.  Compl. ¶ 8.
8  Therefore, defendants were authorized to obtain plaintiff's credit report.  Count 1 is
9  dismissed for failure to state a claim.

10     In count 2, plaintiff asserts that defendants failed to respond to his demand for
11 validation as required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §
12 1692g(b).  A consumer may seek verification of the debt within 30 days of the initial written
13 notice.  "[V]erification of a debt involves nothing more than the debt collector confirming
14 in writing that the amount being demanded is what the creditor is claiming is owed."
15 Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999).

16     Plaintiff acknowledges in his complaint that he received his initial notice letter
17 regarding the debt in June, 2012.  Compl. ¶ 7.  He also acknowledges that he did not make
18 a request for validation until December 5, 2012, well outside the 30 days provided in the Act.
19 Id. ¶ 9.  In addition, various documents appended to plaintiff's complaint, including the state
20 court complaint, the affidavit of indebtedness, and affidavit of transfer, provide the
21 information required under the FDCPA.  Count 2 is dismissed for failure to state a claim.

22     Plaintiff asserts a claim for malicious prosecution in count 3 and abuse of process in
23 count 4, related to a legal proceeding filed by defendants in state court to collect the debt.
24 Plaintiff fails to allege that the underlying action has been terminated in his favor—an
25 essential element of a malicious prosecution claim.  See Compl. ¶ 27 (indicating that the state
26 court action is still pending).  Therefore, count 3 fails to state a claim.

27     A claim for abuse of process requires a showing of (1) an ulterior, improper purpose
28 and (2) a "wilful act in the use of judicial process not proper in the regular conduct of the

proceeding." <u>Bird v. Rothman</u>, 128 Ariz. 599, 602, 627 P.2d 1097, 1100 (Ct. App. 1981). Plaintiff alleges generally that defendants filed the state court action for "an ulterior purpose," and that the "action filed contained materially false information intended to intimidate, harass, defame, and retaliate." <u>Compl.</u> ¶ 31. These broad, conclusory statements are insufficient to state a plausible claim for relief. Moreover, collection of an alleged unpaid debt is a proper purpose for judicial process. "[T]here is no liability when the defendant has done nothing more than legitimately utilize the process for its authorized purpose, even though with bad intentions." <u>Nienstedt v. Wetzel</u>, 133 Ariz. 348, 353, 651 P.2d 876, 881 (Ct. App. 1982). Count 4 is dismissed for failure to state a claim.

**IT IS ORDERED DENYING** plaintiff's motion to strike (doc. 9).

**IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss (doc. 8). Because an amendment cannot save this complaint, it is ordered that this action is dismissed with prejudice. The clerk shall enter final judgment.

We urge plaintiff to seek the advice of counsel. If he does not have a lawyer, he may wish to call the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 5th day of March, 2013.

Frederick J. Martone
Senior United States District Judge